IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GLEN MONROE AUSTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) 1:07CV239 |
| v. | ) |
| | ) |
| | ) |
| JAMES HARDY, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Respondent's motion to dismiss on statute of limitations grounds (docket no. 4). Petitioner has responded in opposition to the motion, and the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

**Background**

Petitioner is a state court prisoner who is serving a consolidated sentence of 280- to 345-months imprisonment on his guilty pleas to several sex abuse charges (rape, sexual offense, and indecent liberties) against a child. Sentence was imposed in the Superior Court of Davidson County on July 8, 1997, and Petitioner did not appeal. Petitioner filed a Motion for Appropriate Relief (MAR) on April 11, 2006, and it was denied, as was his petition for certiorari in the court of appeals; his petition for discretionary review in the supreme court was dismissed. Petitioner's habeas petition was filed in this court on March 29, 2007.

Respondent relies on the fact that Petitioner did not appeal from the entry of judgment and sentence against him in early July 1997, thus the one-year federal statute of limitations began to run immediately and continued to run until it expired in early July 1998. According to Respondent, once the federal limitations period fully expired, none of Petitioner's state court filings served to toll or restart the one-year period, and this federal petition is time-barred. As demonstrated below, the court believes that Respondent is correct.

**Analysis**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2). Finally, for petitioners whose convictions became final before the effective date of the AEDPA, the one-year period is not triggered by the date the conviction became final, but instead by the effective date of the AEDPA, April 24, 1996. Accordingly, petitioners whose convictions became final before the enactment of the AEDPA had until April 24, 1997, to file their petitions. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Because Petitioner here pled guilty and received a correct, lawful sentence with a minimum term falling within the presumptive range for his Class B1 felony at his prior record level II, he had no right to appeal.[1] (Respondent's Ex. 2.) *See* N.C. GEN. STAT. § 15A-1340.17(C) and (e) and N.C. GEN. STAT. § 15A-1444(a1) and (a2) (right to appeal from guilty plea limited). *See also State v. Hamby*, 129 N.C. App. 366, 499 S.E.2d 195 (1998) (defendant who could not have raised any of the issues enumerated in section 15A-1444(a2) had no right to appeal) *and State v. Williams*, 116 N.C. App. 354, 447 S.E.2d 437 (appeal dismissed because defendant was not entitled to appellate review as a matter of right under section 15A-1444(a1)), *cert. denied,* 338 N.C. 523, 452 S.E.2d 823 (1994). Petitioner's one-year statute of

---

[1] Even if Petitioner had a right to appeal, it would have expired 10 days later when his time to file notice of appeal expired, and the statute of limitations outcome would be no different. *See* N.C. R. APP. P. Rule 4(a) (amended effective October, 31, 2001, to allow 14 days).

3

limitation therefore began to run on July 8, 1997, the day judgment was entered. (Ex. 2.) *See United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001) (where section 2255 petitioner pled guilty to conspiring to distribute cocaine and did not appeal, judgment of his conviction became final for purposes of the AEDPA one-year limitations period on date in which trial court entered judgment against him). Petitioner's one-year period then ran uninterrupted for 365 days until it fully expired on July 8, 1998. Petitioner's federal habeas petition dated March 20, 2007, and filed March 29, 2007, is therefore almost nine years out-of-time. Accordingly, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).

Furthermore, none of Petitioner's state court filings has any bearing on the running of that limitations period. Petitioner's first state court filing was dated April 11, 2006, and filed on April 16, 2006. By this time, however, his one-year period had long-since expired, and the MAR could not toll or restart the already expired limitations period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that federal habeas petition was time-barred where petitioner had moved in state court for post-conviction relief only after the one-year limitation had expired).

In sum, for the reasons stated above, the petition is time-barred. Furthermore, Petitioner is not entitled to the benefit of equitable tolling. *See Pearson v. State*, 130 F. Supp. 2d 742, 744-45 (W.D.N.C. 2001). Equitable tolling is "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner has not presented any facts that would entitle him to equitable tolling. He seems to argue in his brief that his ignorance of the law should excuse his delay, but it is well settled that ignorance of the law is not a basis for equitable tolling, even where the prisoner is unrepresented in the post-trial proceedings.[2] *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's motion to dismiss on statute of limitations grounds (docket no. 4) be **GRANTED** and the petition be **DISMISSED**.

_____
Wallace W. Dixon
United States Magistrate Judge

June 6, 2007

---

[2] In his brief, Petitioner presents numerous other arguments in an attempt to get around the statute of limitations bar, but they are also of no avail because they simply address the merits of his claims rather than offering reasons for his failure to comply with the statute of limitations. To the extent that Petitioner argues that the statute of limitations is tolled under state law by reason of his imprisonment, that argument is equally unavailing. Moreover, it is clear that the factual predicate of Petitioner's claims could have been discovered by the time he entered his guilty plea. Section 2244(d)(1)(D), therefore, has no application here.